```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                        ATHENS DIVISION
```

| | |
|---|---|
| LARRY P. MEDFORD, | * |
| Plaintiff, | * |
| vs. | *   CASE NO. 3:09-CV-061 (CDL) |
| LAPOLLA INDUSTRIES, INC., | * |
| Defendant. | * |

O R D E R

Presently pending before the Court is Defendant's Motion to Compel Arbitration (Docs. 8 & 11). As discussed below, the motion is granted.

BACKGROUND

Plaintiff and Defendant entered an agreement to transfer the assets of Plaintiff's business to Defendant. To complete the transfer, the parties executed an asset purchase agreement ("APA") and a promissory note ("Note"). In this action, Plaintiff alleges that Defendant breached the Note by refusing to pay the amount due (Compl. ¶¶ 7-8) and that Defendant breached the APA by failing to make payments on certain credit card accounts as required under the APA (Compl. ¶¶ 13-17).

The APA contains an arbitration provision:

> [S]hould a dispute arise between the parties, the parties believe that a prompt and fair resolution is in the interests of all concerned. To this end, *if any controversy or claim arises out of or relating to this Agreement in connection with the above described or any other matters*, both parties waive any right to bring a court action or have a jury trial and agree that the

> dispute shall be submitted to binding arbitration to be conducted in the city of Houston, county of Harris, state of Texas before the American Arbitration Association ("AAA") in accordance with the Commercial Arbitration Rules of the AAA.

(Ex. A to Def.'s Mot. to Compel Arbitration, APA ¶ 8.11 (emphasis added).) The APA also specifies that Defendant owed its payments in installments and that the "installment payments are to be evidenced by [the Note] in the form attached hereto as Exhibit 1.5(b)." (*Id.* ¶ 1.5(b).) The Note is Exhibit 1.5(b) to the APA. The Note provides that Defendant "shall be entitled to offset any amount due hereunder by the amount of any Losses (as defined in Section 5.2(a) of the [APA]." (Ex. B t Def.'s Mot. to Compel Arbitration, Note at 1.) The Note does not contain an arbitration provision.

## DISCUSSION

Defendant contends that the Note is incorporated into the APA and that the APA's arbitration provision requires that Plaintiff's claims in this action, including those related to breach of the Note, be arbitrated. Plaintiff argues, however, that the Note is a wholly separate agreement from the APA and that Plaintiff's agreement to arbitrate disputes arising or relating to the APA does not extend to disputes relating to the Note. Thus, though Plaintiff does not appear to dispute that his claims related to breach of the APA should be submitted to arbitration, Plaintiff contends that his claims related to breach of the Note should not.

2

The Federal Arbitration Act ("FAA") provides that written agreements to arbitrate disputes arising out of transactions involving interstate commerce are "valid, irrevocable, and enforceable save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Under the FAA, if a suit is brought in federal court "upon any issue referable to arbitration under an agreement in writing for such arbitration," then the court must stay the action pending arbitration upon application of one of the parties and "upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement." 9 U.S.C. § 3.

There is a strong federal policy in favor of arbitration, and "[a]bsent some violation of public policy, a federal court must refer to arbitration any controversies covered by the provisions of an arbitration clause." *Telecom Italia, SpA v. Wholesale Telecom Corp.*, 248 F.3d 1109, 1114 (11th Cir. 2001). "'Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'" *Blinco v. Green Tree Servicing LLC*, 400 F.3d 1308, 1311 (11th Cir. 2005) (quoting *Moses H. Cone Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983)). The Court may not, however, compel parties to arbitrate a dispute if they have not agreed to do so. *Klay v. All Defendants*, 389 F.3d 1191, 1200 (11th Cir. 2004).

Where a contract contains a broad arbitration clause requiring arbitration of all claims "arising out of or relating to" the

3

contract containing the arbitration clause, disputes that occur "as a fairly direct result of the performance of contractual duties . . . can fairly be said to arise out of or relate to the contract in question, and arbitration is required." *Telecom Italia, SpA*, 248 F.3d at 1116; *see also Blinco*, 400 F.3d at 1311 (finding that plaintiff's RESPA claim against his loan servicer arose from a promissory note containing an arbitration clause because there would be no servicer liability without the note); *cf. Int'l Underwriters AG v. Triple I: Int'l Invs.*, 533 F.3d 1342, (11th Cir. 2008) (finding that claims regarding financial guarantee bond agreement were not related to subsequent escrow agreement containing arbitration clause because counterclaim defendant could have breached its bond commitment if there had been no escrow agreement).

Here, the APA contains a broad arbitration clause that requires arbitration of "any" controversies or claims "aris[ing] out of or relating to [the APA] in connection with the above described or any other matters."  (Ex. A to Def.'s Mot. to Compel Arbitration, APA ¶ 8.11.)  The APA and the Note are between the same parties—Plaintiff and Defendant.  The APA requires that installment payments required under the APA are to be evidenced by the Note.  (*Id.* ¶ 1.5(b).)  The consideration for the Note is the value of the assets received based on the APA.  Defendant is entitled to offset the amount due under the Note if there are any Losses as defined in the APA.  For all of these

4

reasons, a dispute about the amount owed under the Note is directly related to performance of the APA's contractual duties.

In light of these considerations and the strong federal policy favoring arbitration, the Court concludes that the parties' dispute regarding the amount owed under the Note can be fairly said to arise out of or relate to the APA.  Plaintiff does not argue that legal constraints external to the parties' agreement foreclose arbitration. Accordingly, arbitration is required.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Compel Arbitration (Docs. 8 & 11) is granted, and the parties are ordered to arbitrate this dispute pursuant to their agreement.  The Court further finds that no reason exists for this Court to retain jurisdiction over this action during the arbitration.  Therefore, this action is dismissed without prejudice.

IT IS SO ORDERED, this 3rd day of August, 2009.

S/Clay D. Land  
CLAY D. LAND  
UNITED STATES DISTRICT JUDGE
